IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>vs.<br><br>Blue Global, LLC, and<br><br>Christopher Kay,<br><br>Defendants. | Case Number: *2:17-cv-2117-ESW*<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, Federal Trade Commission ("FTC"), has filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for a permanent injunction and other relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).  Defendants Blue Global, LLC and Christopher Kay have filed petitions for relief under Chapter 7 of the Bankruptcy Code in which the Federal Trade Commission is listed as a creditor.  *See In re Christopher Kay*, No. 2:17-10897 (Bankr. C.D. Cal.); *In re Blue Global, LLC*, No. 2:17-10900 (Bankr. C.D. Cal.). The FTC and Defendants, by and through their undersigned counsel, stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them and the pending bankruptcy proceedings.

THEREFORE, IT IS ORDERED as follows:

# FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the course of their lead generation activities.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

5. Defendants waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorneys' fees.

6. Entry of this Order is in the public interest.

7. Plaintiff's prosecution of this action, including entry of a money judgment and the enforcement of a judgment (other than a money judgment) obtained in this action are actions to enforce the Plaintiff's police or regulatory power. As a result, if the Defendants' bankruptcies are pending as of the date of entry of this Order, these actions are excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. *"Bankruptcy Case"* means the Chapter 7 Bankruptcy of Defendant Christopher Kay, *In re Christopher Kay*, No. 2:17-10897 (Bankr. C.D. Cal.).

2. *"Defendant Blue Global"* means Blue Global, LLC, and its successors and assigns.

3. *"Defendants"* means Christopher Kay and Defendant Blue Global, individually, collectively, or in any combination.

4. *"Financial Product or Service"* means any product, service, plan, or program represented, expressly or by implication, to:

    (a) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

    (b) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

    (c) improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

    (d) provide information about or provide assistance to improve any consumer's credit record, credit history, or credit rating.

5. *"Person"* means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

6.  ***"Personal Information"*** means information from or about an individual consumer including, but not limited to: (a) a first and last name; (b) a home or other physical address, including street name and name of city or town; (c) an email address or other online contact information; (d) a telephone number; (e) a Social Security number; (f) a driver´s license or other government-issued identification number; (g) a financial institution account number; (h) credit or debit card information; (i) precise geolocation data of an individual or mobile device, including but not limited to GPS-based, WiFi-based, or cell-based location information; or (j) an authentication credential, such as a username and password.

7.  ***"Sensitive Personal Information"*** means any of the following about a consumer: (a) a Social Security number; (b) financial institution account number; (c) credit or debit card information; or (d) any other information by which a consumer's financial account can be accessed, or by which a consumer might be charged for goods or services, including through third parties such as telecommunications carriers.

**ORDER**

**I.   PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS OR SERVICES**

**IT IS ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in

connection with the advertising, marketing, promotion, offering for sale, or selling of any Financial Product or Service, are permanently restrained and enjoined from:

A.  misrepresenting or assisting others in misrepresenting, expressly or by implication:

   1. that Defendants will assist consumers in obtaining a loan or other Financial Product or Service, or obtaining favorable terms for such products or services;

   2. The number of lenders that will consider a consumers' loan application;

   3. The manner or extent to which the privacy, confidentiality, or security of any Personal Information collected from or about consumers will be protected or maintained;

   4. The likelihood or guarantee of any particular outcome from the submission of an application for a loan or other Financial Product or Service;

   5. The types of entities with which Defendants will share consumers' Personal Information, and for what purpose; or

   6. Any other fact material to consumers, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of the product or service's performance, efficacy, nature, or central characteristics; and

B.  making any representation, expressly or by implication, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient to substantiate that the representation is true.

## II.     INJUNCTION CONCERNING THE SALE, TRANSFER, OR DISCLOSURE OF SENSITIVE PERSONAL INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, selling, transferring, or otherwise disclosing a consumer's Sensitive Personal Information to any Person, *unless* the consumer has requested a Financial Product or Service; and

A.     the sale, transfer, or disclosure is necessary to provide the requested Financial Product or Service;

B.     Defendants have the consumer's express, informed consent for the sale, transfer, or disclosure; and

C.     Defendants have complied with Section III.A and Section III.B for that Person.

*Provided*, however, that this Section II shall not place conditions on Defendants transferring or otherwise disclosing a consumer's Sensitive Personal Information to the extent necessary to process payment for any product or service sold by the Defendants directly to that consumer and for which the Defendants have the consumer's express, informed consent for that sale.

### III.   REQUIRED SCREENING OF RECIPIENTS OF SENSITIVE PERSONAL INFORMATION

**IT IS FURTHER ORDERED** that Defendants shall establish, implement, and maintain procedures to verify the legitimate need for, and monitor the use of, consumers' Sensitive Personal Information by any Person to whom Defendants sell, transfer, or disclose such information, including:

A.   Obtaining from each Person a signed and dated Certification stating:

1.   the name and nature of the Person's business(es), including the purpose(s) for obtaining consumers' Sensitive Personal Information; the Person's physical address(es) for conducting business; trade names; online sites and profiles; and licenses or registrations;

2.   a confirmation that the Person will not use, sell, transfer, or otherwise disclose the Sensitive Personal Information it receives from Defendants for any purpose other than to provide the Financial Product or Service requested by the consumer;

3. a description of any individuals or entities to which the Person will or may sell, transfer, or otherwise disclose consumers' Sensitive Personal Information, and those individuals' or entities' purpose(s) for obtaining such information.

Defendants must obtain from each Person a new Certification annually and upon any material change in the nature of the Person's business or the purpose(s) for which the Person would use consumers' Sensitive Personal Information.

B. Conducting reasonable procedures to verify the information provided in the Certification described in Subsection A, including reviewing and confirming: the Person's physical addresses, online sites and profiles, and licenses and registrations; and that the Person's identity, advertising, line(s) of business, and purpose(s) for obtaining consumers' Sensitive Personal Information relate to providing Financial Products or Services.

C. Conducting reasonable ongoing procedures to monitor that each Person to whom Defendants sell, transfer, or disclose a consumer's Sensitive Personal Information is using it solely to provide the consumer with a Financial Product or Service, including by conducting periodic audits that involve examining information and documents from the Person and third parties to verify the ongoing accuracy of the Certification described in Subsection A, and investigating any legal actions, complaints, or reports of which Defendants have notice and that indicate misuse of Sensitive Personal Information.

D. Immediately desisting from disclosing any consumer's Sensitive Personal Information to the Person if:

1. Defendants receive information, pursuant to procedures required by this Order, or otherwise, indicating that: (a) a Certification provided by the Person was false, misleading, or materially erroneous, or (b) the Person has used Sensitive Personal Information for any purpose other than to provide a consumer with a Financial Product or Service; or

2. Defendants have reasonable grounds to believe that the Person will not use the information solely to provide the consumer with a Financial Product or Service.

*Provided*, however, that this Section III does not apply to Persons to whom Defendants disclose a consumer's Sensitive Personal Information solely for the purpose of processing a payment for a product or service sold by the Defendants directly to that consumer and for which the Defendants have the consumer's express, informed consent for that sale.

## IV. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and those Persons or entities in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly,

A. disclosing, using, or benefitting from Personal Information of any Person that any Defendant obtained prior to entry of this Order; and

B. failing to destroy such Personal information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. The information shall be destroyed by a means that protects against the unauthorized access to the customer

information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V.   MONETARY JUDGMENT AND SUSPENSION

**IT IS FURTHER ORDERED** that:

A.   Judgment in the amount of one hundred four million four hundred seventy thousand eight hundred seventeen dollars ($104,470,817) is entered in favor of the FTC against Defendants, jointly and severally, as equitable monetary relief. The judgment is suspended, subject to the Subsections below.

B.   Defendant Kay agrees that the suspended monetary judgment ordered by Section V.A is not dischargeable in his Bankruptcy Case, and he agrees to the filing by the Commission in the Bankruptcy Case of:

    1.   The Complaint for Nondischargeability of Debt Owed to Federal Trade Commission, annexed hereto as **Attachment A**; and

    2.   The Stipulated Judgment for Nondischargeability of Debt Owed to Federal Trade Commission, annexed hereto as **Attachment B**, which Defendant Kay has executed concurrently with this Order, stipulating that the judgment is excepted from discharge pursuant to Sections 523(a)(2)(A) and 523(a)(6) of the

Bankruptcy Code, 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

C.   Defendant Kay will not object to the allowance of the FTC Claim in his Bankruptcy Case as a general unsecured claim in the amount of one hundred four million four hundred seventy thousand eight hundred seventeen dollars ($104,470,817).

D.   The Commission's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

   1.   the Financial Statement of Individual Defendant Christopher Kay signed on February 20, 2017, including the Bankruptcy Petition of Christopher Kim Kay (filed Jan. 25, 2017), Bankruptcy Petition of Blue Global, LLC (filed Jan. 25, 2017), and tax returns of Christopher Kay and Paulina Kay for 2013, 2014, and 2015 referenced in the Financial Statement; and

   2.   the Financial Statement of Corporate Defendant Blue Global LLC signed by Christopher Kay on March 9, 2017, including the Bankruptcy Petition of Christopher Kim Kay (filed Jan. 25, 2017), Bankruptcy Petition of Blue Global, LLC (filed Jan. 25, 2017), financial statements of Blue Global, LLC, for 2014, 2015 and 2016, and the tax returns of New Blue Ocean, Inc. for 2014 and 2015, referenced in the Financial Statement.

E.   The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission the Court finds that Defendant failed to disclose any material asset,

materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F.	If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the unjust enrichment alleged in the Complaint), plus interest computed from the date of entry of this Order.

G.	The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

H.	Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

I.	All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as the FTC determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited

to the United States Treasury as disgorgement. Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## VI.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant Kay, for any business that he, individually or collectively with Defendant Blue Global, is the majority owner of or directly or indirectly controls, and Defendant Blue Global, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the FTC:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

    1. Each Defendant must: (a) identify the primary physical, postal, and email and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with such Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant Kay must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC;

    2. Additionally, Defendant Kay must: (a) identify all telephone numbers and physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant Kay performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail Defendant Kay's

involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

 1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Defendant Blue Global or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

 2. Additionally, Defendant Kay must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which Defendant Kay has any ownership interest, and identify its name, physical address, and Internet address, if any.

C. Each Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.       Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.       Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  *FTC v. Blue Global, LLC, et al.*

## VIII.  RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendants Blue Global and Kay, for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must create and maintain the following records:

A.       proof of each consumer's express, informed consent to the sale, transfer, or disclosure of that consumer's Sensitive Personal Information, which shows the consumer's name and contact information; and the time, place, and method of consent;

B.       accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

C. personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

D. complaints and refund requests relating to advertising, marketing, promotion, offering for sale, or selling of a Financial Product or Service, whether received directly or indirectly, such as through a third party, and any response;

E. all records necessary to demonstrate full compliance with each provision of this Order, including all Certifications and other documentation related to Section III, and all submissions to the FTC; and

F. a copy of each unique advertisement or other marketing material relating to advertising, marketing, promotion, offering for sale, or selling of a Financial Product or Service.

## IX.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of Court, using any of the procedures prescribed by

Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the FTC is authorized to communicate directly with each Defendant.  Defendants must permit representatives of the FTC to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

C.      The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant Kay pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## X. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED
This \_\_\_\_ day of_____, 2017

_____
UNITED STATES DISTRICT COURT JUDGE

**FOR THE FTC:**

\_\_\_/s/ Michael Tankersley_____ Date: \_\_7-5-20\_\_
Michael E. Tankersley
K. Michelle Grajales
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-2991
Email: mtankersley@ftc.gov; mgrajales@ftc.gov
Attorneys for Plaintiff, Federal Trade Commission

**FOR DEFENDANTS:**

_____ Date: 3-22-2017
Christopher Kay, individually and as an officer of
Blue Global, LLC

_____ Date: 3/23/17
Sanaz S. Bereliani, Esq.
Bereliani Law Firm, PC
11400 W. Olympic Blvd, Suite 200
Los Angeles, CA 90064
(310) 914-0152

_____ Date: 3/30/17
Ethan H. Levisohn, Esq.
Covington & Burling LLP
850 10th St, NW
Washington, DC 20001
(202) 662-6000

> The Trustee has no objection to Christopher Kay executing this Stipulation and Order as officer of Blue Global, LLC, recognizing that the officer(s) of Blue Global, LLC, will be solely responsible for any acknowledgements, reporting, recordkeeping, or monitoring.
>
> _____
> Timothy J. Yoo, Chapter 7 Trustee for Blue Global, LLC
> C.D. Cal. Bankr. No. 2:17-bk-10900-ER                        May 2, 2017